

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2009

# USA v. Mejia

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3602

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Mejia" (2009). *2009 Decisions.* Paper 1481.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1481

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3602

_____

UNITED STATES OF AMERICA,

Appellee,

v.

ANGEL MEJIA

Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
No. 05-cr-00032

(District Judge: The Honorable Juan R. Sanchez)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2009

Before: McKEE, SMITH, and VAN ANTWERPEN, *Circuit Judges*.

(Filed : April 27, 2009 )

OPINION OF THE COURT

McKee, Circuit Judge,

Angel Mejia appeals from the judgment of conviction and sentence that was imposed

following his guilty plea to various counts of an indictment that arose from a violent kidnaping.

For the reasons that follow, we will affirm.

## I.

Inasmuch as we are writing primarily for the parties who are familiar with this case, we need not recite the factual or procedural history. Mejia executed a plea agreement in which he voluntarily waived his right to appeal his sentence, subject to several exceptions.[1] We have reviewed the waiver *de novo*, and conclude that the waiver was entered into voluntarily, knowingly and intelligently. *See United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001).

An exception to the appellate waiver agreed to by Mejia allows for an appeal if "the sentencing judge unreasonably departed upward from the otherwise applicable sentencing guideline range." (App. 31). Mejia argues that the sentence imposed by the district court was unreasonable because the court did not follow the government's recommended 15-year sentence reduction. However, under Fed. R. Crim. P. 11(c)(1)(B), the district court is not bound by a sentencing recommendation by the government. Mejia acknowledged during his plea colloquy that he understood this, as did his counsel during re-sentencing. (App. 69-70, 246).

Furthermore, even if his argument were correct, this would not trigger the waiver exception. Mejia was sentenced to 646 months, at the very bottom of his 646 to 711 month guideline range. (App. 261). Clearly, the judge did not depart upward from the applicable sentencing guideline range, and the waiver exception does not apply.

A sentence will be upheld if "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 449 F.3d 558, 574 (3d Cir. 2006). This requires the sentencing judge to "set forth enough to satisfy

---

[1]Although Mejia failed to note the existence of the appellate waiver in his brief, we review his arguments within the context of the waiver.

2

the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *Rita*, 127 S. Ct. at 2468.

Here, the record shows that the sentencing court considered the findings of the presentence report, the factors set forth in § 3553(a), our opinion ordering remand for re-sentencing, the government's recommendation, the nature of the offenses, and the arguments of both parties. On remand, the district court explained in detail why, based on these factors, a sentence within the guideline range was reasonable. Given all of the circumstances here, including the personal characteristics and background of the defendant, as well as the horrendous offense that he was being sentenced for, we believe that the court's sentence on remand was imposed after "rational and meaningful" consideration of the factors in § 3553(a) as required by *Grier*. The district court's sentence reflects the seriousness of Mejia's conduct, and we are not persuaded that the sentence was unduly severe given the reign of terror that he inflicted on his victims, and his demonstrated propensity for calculated violence fueled by naked greed.

## II.

Alternatively, Mejia argues that his sentence should be overturned because it constitutes cruel and unusual punishment in violation of the Eighth Amendment. We exercise plenary review over an Eighth Amendment challenge to the constitutionality of a criminal sentence. *United States v. MacEwan*, 445 F.3d 237, 247 (3d Cir. 2006). The argument is frivolous.

We enforce valid appellate waivers according to their terms unless enforcement would work a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). Although a sentence that violates the constitutional prohibition against cruel and unusual punishment would clearly be a miscarriage of justice, there is no Eighth Amendment violation

3

here. The Eighth Amendment prohibits a sentence that is disproportionate to the crime it is intended to remedy. *Solem v. Helm*, 463 U.S. 277, 290 (1983). Proportionality is determined by the gravity of the offense, the harshness of the penalty, and a comparison to the sentences imposed on other criminals in the same jurisdiction, as well as sentences imposed for the same crime in other jurisdictions. *Id*. at 291-92.

Here, Mejia's sentence was at the absolute bottom of the federal sentencing guidelines range applicable to all federal defendants in like circumstances. Furthermore, it was calculated in recognition of the heinous nature of the offenses as well as in consideration of all of the applicable sentencing factors set forth in 18 U.S.C. § 3553(a). The penalty was certainly "harsh," but it was not unduly harsh; it is an eminently reasonable response to the crimes involved.

**III.**

For all of the above reasons, we will affirm the order of the district court.